■ In the Matter of the Claim of AUDREY V. BRADSHAW, Respondent, v. ROSS T. BUTLER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and his carrier contesting the findings of accidental injury and causal relation appeal from a decision of the Workmen's Compensation Board and an award of death benefits to the widow of a deceased employee. In the early morning of September 5, 1959 deceased, an apartment house maintenance superintendent aged 56 years, assisted an incoming tenant in removing by means of a dolly a refrigerator weighing between 100 and 200 pounds from the apartment which he was about to occupy to an adjacent sidewalk. The movement was conducted in inconvenient circumstances because of limited door and hall space in the area of the activity, required some pushing and pulling, the sideways skidding of the dolly on occasion and during the descent of several steps the tilting and balancing of the refrigerator by the use of their hands and arms. It is undisputed that the usual work of deceased did not comprehend the removal of refrigerators from place to place "because they were heavy and awkward and we didn't have the proper equipment to move them" and that such was done ordinarily by another under an independent contract with the employer. Upon completion of the task deceased returned to his apartment where he complained of pains in the chest. On the same day he was taken to a hospital where he died on September 7, 1959 of a coronary thrombosis with a resulting anterior wall myocardial infarction. He had no history of a pre-existing heart condition. The record amply demonstrates that the work activity of deceased on the day of the heart attack was sufficiently strenuous to require more than normal exertion within the meaning of authoritative cases and there is substantial medical evidence associating it with the death. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.